COMMONWEALTH *vs.* PATRICK HARDIMAN.

The St. of U. S. of 1862, c. 119, § 110, does not require a stamp to be affixed to the certificate of a magistrate attesting his record of a conviction in a criminal case, which is taken to the superior court on appeal.

AFTER a verdict of guilty in the superior court, on appeal from the conviction of a magistrate, upon a complaint made in behalf of the Commonwealth in a criminal case, the defendant moved in arrest of judgment on the ground that the magistrate's certificate attesting his record had no stamp affixed to it; but

the motion was overruled by *Ames*, J., and the defendant alleged exceptions.

*C. R. Train*, for the defendant.

*Foster*, A. G., for the Commonwealth.

Dewey, J. There is no ground for sustaining the present motion in arrest of judgment. It furnishes no legal objection to the competency of a certified copy of a record of a justice of the peace in a criminal case, that it has no revenue stamp affixed to it. The statute requires no such stamp in criminal proceedings. The St. of U. S. of 1862, *c.* 119, § 110, seems clearly to have exempted such proceedings from the payment of stamp duties. In this statute it is directly provided "that no writ, summons or other process issued by a justice of the peace, or issued in any criminal or other suits commenced by the United States or any state, shall be subject to the payment of stamp duties." The writ, summons and other process being thus excepted, it seems quite clear that the proceedings subsequent to the original process are also excepted. In civil cases, where a stamp duty is imposed upon the writ or original process, it has not been required to be paid upon subsequent papers or documents in the case. *Motion in arrest overruled.*